IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 07-06024-01-CR-SJ-NKL |
| GREGORY K. VAUGHN, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION
## TO ACCEPT DEFENDANT'S GUILTY PLEA

On February 5, 2008, I held a change-of-plea hearing after this case was referred to me by United States District Judge Nanette Laughrey. I find that defendant's plea was voluntary and therefore recommend that it be accepted.

### I.     BACKGROUND

On October 17, 2007, an indictment was returned charging defendant with one count of possessing with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Judge Laughrey referred this case to me for conducting a change-of-plea hearing and issuing a report and recommendation on whether to accept the plea. The hearing was held on February 5, 2008. Defendant was present, represented by Assistant Federal Public Defender Anita Burns. The government was represented by Assistant United States Attorney Bruce Rhoades. The proceedings were recorded and a transcript of the hearing was filed on February 11, 2008.

## II. AUTHORITY OF THE COURT

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. United States v. Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991), Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of *de novo* review by a district judge preserves the structural guarantees of Article III. United States v. Torres, 258 F.3d at 795. Applying the Peretz holding and the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. Plea allocutions are

substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing United States v. Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting United States v. Williams, 23 F.3d at 633).

The Torres court also addressed the implications of such a delegation for Article III's case and controversy clause. Id. Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge. Id. Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the district court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

## III. FINDINGS OF FACT

1. On October 17, 2007, an indictment was returned charging defendant with a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) by possessing with intent to distribute crack cocaine (Tr. at 2).

2. The statutory penalty for this offense is not less than ten years and not more than life in prison, not more than $4 million fine, not less than five years supervised release, and a $100 special assessment (Tr. at 2-3).

3. Defendant was advised of the following:

   a. That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 5);

3

b. That he has the right to assistance of counsel throughout the trial (Tr. at 4);

c. That defendant is presumed innocent, and the government has the burden of coming forward to prove defendant's guilt beyond a reasonable doubt (Tr. at 5);

d. That defendant's attorney would have the opportunity to cross examine the government witnesses (Tr. at 5);

e. That defendant would have an opportunity to subpoena witnesses to testify on his behalf (Tr. at 5);

f. That defendant would have an opportunity to testify on his own behalf, but that he would not be required to and the jury would be instructed that they could not draw an adverse inference if he chose not to testify (Tr. at 5); and

g. That defendant would have an opportunity to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 6).

4. Defendant was informed and understood that by pleading guilty, he is giving up all of the rights described above (Tr. at 6).

5. Defense counsel had full access to the government's file and agreed that her review of the evidence confirmed that the facts were as alleged by the government and that it is in the defendant's best interest to plead guilty (Tr. at 7, 12).

6. The government made the following factual basis for the plea: On the first of July of 2007, a Missouri State Highway Patrol Trooper stopped the defendant while the defendant was driving a 2007 Chrysler Pacifica in Atchison County, Missouri, in the Western District of

4

Missouri, at approximately 9:00 p.m. on northbound Interstate 29 at the 104 mile marker for traveling 101 miles an hour in a 70 mile-per-hour zone. After obtaining the defendant's driver's license, which was from Nebraska, the trooper made certain observations about Mr. Vaughn, specifically that there was an odor of marijuana about him, and he asked Mr. Vaughn when he last smoked marijuana. Mr. Vaughn stated that it had been about an hour ago, but Mr. Vaughn denied that there was any marijuana in the vehicle. Mr. Vaughn also stated in response to questions by the trooper that he was traveling from Faucett, which is a small town a few miles south and west of St. Joseph, Missouri, where he had been visiting a girlfriend for the day and the passenger was his cousin. The trooper then inquired with the passenger and the passenger stated that they were traveling from Kansas City, which is some 60 miles south of St. Joseph, which would be about the same distance south of Faucett. The passenger said they had visited friends and family for the day and that he and the defendant were merely friends. The trooper then went back and confronted defendant with the statements of the passenger, and defendant stated that they had, in fact, been in Kansas City visiting a sick uncle and defendant indicated that the reason he had told different stories was that he was nervous and also because he was high from smoking marijuana. Defendant was told by the trooper that the vehicle would be searched as a result of his statements to the trooper and also as a result of his driving under the influence and driving at an excessive speed and asked again if there was anything illegal in the car. Defendant and the passenger indicated that there was nothing illegal in the car. Subsequently defendant was patted down and was found to be in possession of about $1,000. The car was searched and police found 246 grams of crack cocaine and 55 grams of powder cocaine in the engine compartment behind the front grill area. Defendant was interviewed and stated that he had

5

found the items on a sidewalk and did not know what they were. When asked why he had placed them in the engine compartment, he did not have an answer. On July 27, about 3 1/2 weeks after defendant's arrest, the Omaha Police Department conducted a search of a residence that was leased by defendant and found in a dresser drawer in defendant's bedroom 46 grams of crack cocaine along with an unmarked revolver. The government would attempt to introduce the Omaha evidence as 404(b) or 403(b) evidence at a trial (Tr. at 8-10).

7. Defendant was placed under oath (Tr. at 3) and admitted the following: Defendant was in Atchison County, Missouri, on July 1, 2007. At that time he was in possession of over 50 grams of crack cocaine, he knew it was illegal to possess crack cocaine, he knew it was illegal to possess crack cocaine with the intent to distribute it, and he understands that Atchison County is in the Western District of Missouri (Tr. at 11-12).

8. Defendant understands there is no plea agreement (Tr. at 6).

9. No one has made any threats or promises in order to get defendant to plead guilty (Tr. at 7-8).

10. Defendant is satisfied with the advice and guidance he has received from Ms. Burns (Tr. at 8).

11. Defendant is 26 years of age (Tr. at 3). He went to school through the 11th grade (Tr. at 3). Defendant has no mental health or substance abuse issues (Tr. at 3-4). Defendant was not under the influence of any drug or alcohol during the change-of-plea hearing (Tr. at 3-4).

12. Defendant tendered a plea of guilty to the crime charged in the indictment (Tr. at 2).

6

## IV.   ELEMENTS OF THE CHARGED OFFENSE

The elements necessary to sustain a conviction for possession with intent to distribute crack cocaine are: (1) the defendant was in possession of crack cocaine; (2) the defendant knew that he was in possession of crack cocaine; and (3) the defendant intended to distribute some or all of the crack cocaine to another person. Eighth Circuit Model Criminal Jury Instruction, No. 6.21.841A.  Intent to distribute the drugs may be inferred solely from the possession of large quantities of narcotics.  United States v. Oleson, 310 F.3d 1085, 1089 (8th Cir. 2002), cert. denied, 538 U.S. 1048 (2003).  Possession of 246 grams of crack cocaine along with $1,000 cash is legally sufficient to infer the intent to distribute.  See United States v. Borrero, 2007 WL 2050936 (8th Cir., July 19, 2007) (25 grams of crack cocaine along with $900 cash sufficient for inference).  See also United States v. Franklin, 728 F.2d 994 (8th Cir. 1984) and cases cited therein.

## V.   CONCLUSION

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a Magistrate Judge for issuance of a report and recommendation on whether defendant's guilty plea should be accepted.

2. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crime charged in this indictment.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting defendant's guilty plea and adjudging defendant guilty of the offense charged.

The parties are reminded that any objections to this Report and Recommendation shall be filed by February 15, 2008.

                                                      /s/ Sarah W. Hays
                                                      SARAH W. HAYS
                                                      United States Magistrate Judge

Kansas City, Missouri
February 14, 2008